

**U.S. Department of Justice**
*United States Attorney's Office*
*Southern District of Texas*
**Civil Division – Civil Rights Section**

---

## CIVIL RIGHTS COMPLAINT FORM

---

The United States Attorney's Office, in coordination with the Civil Rights Division of the United States Department of Justice, is charged with enforcing the federal civil rights laws throughout the Southern District of Texas. The Office therefore readily receives information that brings to its attention possible violations of federal civil rights laws. The United States Attorney's Office is primarily a legal office and not an investigative agency. However, the Civil Rights Section of this Office will evaluate your complaint and may refer it to another agency for investigation or other action.

**Date:** 7/09/2018

| Person Filing Complaint:<br><br>**Name --** Micah Gary Joel Rolph<br>**Address** - -6609 N 33rd<br>**City, State, Zip --** McAllen TX 78504<br>**Day Time Phone --** 956-537-4633<br>**E-mail --** arifjantg@yahoo.com | Person or Entity you are Filing a Complaint about:<br>**Name --** Defense Lawyer Daniel J Garcia Rio Grande City School Board President, Lawyer Eduardo Ramirez  Rio Grande City School Board Vice President, Lawyer Judy Solis  Rio Grande City School Board Secretory, Defense Lawyer Sergio Sanchez,  Starr County Judge Ramiro Molina, Starr County Attorney Victor Canalas, Starr County District Attorney Omar Escobar Jr, , Texas Rio Grande Legal Aid Deputy Director Herbito Silva and Texas Rio Grande Legal Aid lawyer Gema Lopez and Jessica Anderson. Rio Grande City CISD School, CISD School Board and CISD police Department. Starr County Judicial System and Texas Rio Grande Legal Aid<br>**Address --** 1 S. Fort Ringgold 78582 Rio Grande City CISD -- 52 Walnut Street Texas Rio Grande Legal Aid, 401 N Briton Rio Grande City Court House<br>**City, State, Zip --** Rio Grande City TX<br>**Day Time Phone --** (956)716-6750 Rio Grande City CISD -- Starr County Court House 956-716-4800 x8032 Texas Rio Grande Legal Aid 956-275-0712 |

**Nature of alleged Civil Rights violation (please check area that applies to your complaint):**

| | | | |
|---|---|---|---|
| X | Disability Rights or Access | | Voting Rights |
| X | Educational Opportunities | | Religious Land Use |
| X | Employment Discrimination | | Immigration-Related Employment |
| X | Military/Veteran Status Discrimination | | Abortion Clinic Access |
| | Housing Discrimination | | Credit/Lending Discrimination |
| | Public Accommodation Discrimination | | Other:_____ |

**What do you believe is the basis for the Discriminative Act or Discrimination?**

| Disability | X | Race | X | Sex | X | Color | X | Religion | X | Sexual Orientation | X |
|---|---|---|---|---|---|---|---|---|---|---|---|
| National Origin | X | Other: Veteran And Whistleblower Retalation | | | X | | | | | | |

**Please clearly describe the civil rights violation that you would like to bring to the attention of the U.S. Attorney's Office, Civil Rights Section. Describe the nature of the incident, the date, where the incident occurred, names of any witnesses and alleged wrongdoers and their contact information. Please also include copies of any supporting documentation (do not send the original documents).**

- On April 13th, 2017, Micah Gary Joel Rolph, a resident of Texas, a citizen of the United States of America, a Disabled Veteran of the United States Army and a contracted teacher at Rio Grande City High School, was a victim of a hate crime that went against the bylaws of contracted employee rights found in the Rio Grande City CISD School Board policy and the guidelines of Education Code 21.104(a), Superintendent Alfredo Garcia, Principal Riccardo Saenz , Rio Grande City CISD police chief Trinidad Lopez and Vice principal Mark Olivarez. They violated not only the ethics of their profession but also the Civil Rights of Mr. Micah Rolph. On the date of April 13th 2017, the above-mentioned persons conducted a removal of Mr. Rolph from campus that did not follow the guidelines of Education Code 21.104(a)

### Education Code 21.104(a)

Any probationary contract employee may be discharged at any time for good cause as determined by the board. "Good cause" is the failure to meet the accepted standards of conduct for the profession as generally recognized and applied in similarly situated school districts in this state.

- The Rio Grande City CISD did not have school board approval or "Good Cause" to evict, detain, search or otherwise harass Mr. Rolph on April 13th. 2017. The events demonstrate the framework of a hate crime and retaliation for Mr. Rolph questioning the rules and regulations of Rio Grande City High School that did not meet Texas educational standards. Also, from August 15 2017 upon start of employment teaching contract to the actions of April 13th 2017 Mr. Rolph was a victim of ongoing harassment. and Mr. Rolph was daily subjected to a hostile, discriminative work environment. Mr. Rolph witnessed and was subjected to cultural and structural racism, bias, favoritism and discrimination showed by Rio Grande City CISD to any employee not from the community, who did not have ties to the community, or who is not related to members of community and not reflective of the ethnic heritage of the community and culturally background of the community.

- The following are taken from the Rio Grande School Board policy manual.

- A district shall not fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment on the basis of any of the following protected characteristics:

- Race, color, or national origin;

- Sex;

- Religion;

- Age (applies to individuals who are 40 years of age or older);

- Disability;

- or 6. Genetic information [see DAB]. 42 U.S.C. 1981; 42 U.S.C. 2000e et seq. (Title VII); 20 U.S.C. 1681 et seq. (Title IX); 42 U.S.C. 12111 et seq. (Americans with Disabilities Act); 29 U.S.C. 621 et seq. (Age Discrimination in Employment Act); 29 U.S.C. 793, 794 (Rehabilitation Act); 42 U.S.C. 2000ff et seq. (Genetic Information Nondiscrimination Act); U.S. Const. Amend. I; Human Resources Code 121.003(f); Labor Code Ch. 21 (Texas Commission on Human Rights Act); Labor Code Ch. 21, Subch. H (genetic information)

- Mr. Rolph was a victim of discrimination based on Mr. Rolph's race ( Euro-American),  ethnic heritage (Canadian); Veteran Status  (United States Army combat Veteran);   Disability (100 percent Veteran Administration combat related  disability; ; Age (over 40);  and Religion (Canadian and American Baptist,

- Police Chief Trinidad Lopez, Principal  Ricardo Saenz and Vice Principal Mark Olivarez, in their unlawful detaining, their physical assault, their illegal search and seizure, their illegal eviction and their illegal incarceration  of Mr. Rolph on April 13 2017 were in direct violation of the Civil Rights Acts of 1871 Section 1983, as well in direct violation Rio Grande City CISD school board procedure regarding  termination, removal from campus and suspension.  In addition, the three perpetrated battery on Mr. Rolph, and confiscated Mr. Rolph's professional and personal belongings. CISD Police Chief Trinidad Lopez, Principal Riccardo Saenz and Vice Principal  Mark Olivarez's unethical conduct are clear examples of racist motives, premeditated organization of a hate crime and lack of ethical principal. Mr. Rolph was handcuffed and physically and mentally assaulted in events that followed the patterned consistent of a organized hate crime not of a legal or lawful arrest. Police Chief Trinidad Lopez, Principal Ricardo Saenz and Vice Principal Mark Olivarez caused damage and destroyed Mr. Rolph's personal and professional belongings in Mr. Rolph's assigned classroom and attacked Mr. Rolph's personal vehicle in direct violation of the constitutional protected right of a teacher to not be subjected to unreasonable search and seizure by school officials of teacher's personal property. The Rio Grande City police and administrators tampered with evidence to include video camera recordings and campus cameras inside Rio Grande City High School and outside Rio Grande City High School. Olivarez Tow Company illegally impounded and damaged Mr. Rolph's personal vehicle without cause or care.

- CISD Police Chief Trinidad Lopez, Principal Riccardo Saenz and Vice Principal Mark Olivarez discriminated against  Mr. Rolph by  not being allowed to continue his teaching at Rio Grande City CISD or any school after April 13th following the legal guidelines of 29 C.F.R. 1607.11 despite no  due process or good cause. Rio Grande City CISD also violated the above law when, without due process or cause, they coordinated the suspending of Mr. Rolph from his alternative teaching program by saying Mr. Rolph broke the ethics of Rio Grande City CISD without due process or explanation about what ethics Mr.

Rolph broke. Rio Grande City CISD broke the above-mentioned laws when they contacted the State of Texas Educational Board in an attempt to get Mr. Rolph's teaching certification suspended using their unlawful hate crime as justification for Mr. Rolph teaching certification suspension. In the police reports the justification for the hate crime is a parent's complaint which would be legal if a written copy of the complaint would have been presented to Mr. Rolph and to this date nearly a year and half after date of the hate crime Rio Grande City CISD has been unable to produce proof of parent complaint or allow Mr. Rolph to go through the school process in regards to legal suspension and termination in regards to complaint.  Rio Grande City CISD also broke the above-mentioned laws by putting into effect a restraining order saying that since Mr. Rolph was a Veteran he was threat to the community plus slandering Mr. Rolph name when they told Mr. Rolph's students Mr. Rolph was coming back to the campus to shoot them.

- Before the events of April 13th 2017 Mr. Rolph had filed a complaint with the human resources office of Rio Grande City CISD following the guidelines found in the School Board manual. Which should have been respected and protected by Texas Whistleblower protection laws

- Texas Whistleblower act Covers "Personnel action" means an action that affects a public employee's compensation, promotion, demotion, transfer, work assignment, or performance evaluation.

### Rio Grande City CISD School Board Manual.

- A district has an affirmative duty to maintain a working environment free of harassment on the basis of a protected characteristic. 42 U.S.C. 2000e et seq.; 29 C.F.R. 1606.8(a), 1604.11 [See DIA]   A district may not discriminate against any employee or applicant for employment because the employee or applicant has opposed any unlawful, discriminatory employment practices or participated in the investigation of any complaint related to an unlawful, discriminatory employment practice. 29 U.S.C. 623(d) (ADEA); 42 U.S.C. 2000e-3(a) (Title VII); 34 C.F.R. 100.7(e) (Title VI); 34 C.F.R. 110.34 (Age Act); 42 U.S.C. 12203 (ADA); Jackson v. Birmingham Bd. of Educ., 544 U.S. 167 (2005) (Title IX); Labor Code 21.055 [See DIA]

- Mr. Rolph contacted the superintendent's office about discrimination and hostility at the Rio Grande City High School which was ignored. Rio Grande City High School was operated in a way that did not meet standards of an academic setting in the state of Texas, which Mr. Rolph did attempt to inform his principal Ricardo Saenz, as well as the superintendent of Rio Grande City CISD Alfredo Garcia. After speaking out Mr. Rolph faced daily emotional stress and shunning by Rio Grande City High School staff and adminstration and Rio Grande City CISD. As well during Mr Rolph tenure a a teacher there were unaddressed safety and academic issue with students to include death threats, "shoot the Gringo day", theft of multiple personal items, not instigated by Mr. Rolph's verbal confrontation with staff and students, unprofessiona conduct of Rio Grande City CISD police staff, Mr. Rolph being relievied of his responsibilty as lead teacher beacause he had the courage to challenge teachers to show up to work and teach subject matter, and Mr. Rolph's vehicle being tampered with before Christmas break.

- In regards to the academic setting, Mr. Rolph voiced concerns about: ghost students (students on school roster but not on campus), students who would come to campus and not attend class but wander around without penality, a policy of no punishment for tardy students which meant students showed up and left class when they felt like it, epidimic drug problem on campus in front of security officers, questionable special education standards that did follow basic DSM-5 guidelines, no substitute teacher policy, missclaffication of students, no academic TEK based cirriculum or goals, teachers that didn't show up to work for months at a time, teachers with special favortism that permitted them to go home early, changing of attendence, skipping and grades by front office personal without justifacation, tampering and unethical adjustments of testing and quarter grades, teachers not being expected to teach subject matter, and overall hostile work envirenment to anyone from outside the community.

- Shortly After Mr. Rolph went to the human resource office in March 2017 Principal Riccardo Saenz told Mr. Rolph he could resign with a letter of recommendation which Mr. Rolph declined. Mr Rolph had the support of his students and there parents, had receivied no write up prior to April 13th 2017, Mr. Rolph's Texas Teachers evaualation was above standard, Mr. Rolph

had passed the test in the subject matter he taught. Principal Riccardo Saenz then began - an organized effort of harrasement of Mr. Rolph which concluded in the April 13th 2017 organized and cordinated hate crime.

- On the date of April 13th, 2017 Mr. Rolph taught his assigned classes and began to prepare for the four-day Easter Break. At that time Mr. Rolph was escorted by Vice Principle Mark Olivarez to the Vice Principle Office where Principle Riccardo Saenz informed Mr. Rolph he was get his belonging and get off his campus. Mr. Rolph was given the impression by actions and verbal comments that Mr. Rolph did not have constitutional law, educational law rights, civil rights or employment rights in Starr county Principal Riccardo Saenz was under the impression he had verbal authority to bypass policy and procedure of the Rio Grande City CISD and Rio Grande City CISD school board and proclaimed to Mr. Rolph to get your stuff and get off my campus. In most logical case of suspension not termination Mr. Rolph would have gotten his most valuable possession until board could review case, secure other items in his work closets and exit the campus. In most logical case of suspension not termination following constitutional protected educational rights the administrative staff has no legal right to touch Mr. Rolph belongings without just cause or probable cause and not before Mr. Rolph has been terminated from his teaching contract. Rio Grande City police chief stated to Mr. Rolph that the only law was the law he said and seemed to not comprehend or show much concern to basic educational law, Rio Grande City CISD school board policy and procedure, constitutional protected civil rights, Rio Grande City CISD contracted teachers right of due process on termination and shortly after 5:00 informed Mr. Rolph he was detained and not allowed to leave campus unless he got **all his belongings** from his classroom which Mr. Rolph does apologies to the Rio Grande City CISD Board and community made him very upset because Mr. Rolph perceived it as unethical and attempt at ongoing harassment by Principle Riccardo Saenz. Mr. Rolph attempted to explain to Police Chief Trinidad Lopez and Assistant Principle Mark Olivarez their actions where against policy and procedure of Rio Grande City CISD he also attempted to comply with instructions because Mr. Rolph could tell police chief Trinidad Lopez and the police officers where acting in a hostile, unprofessional and confrontational manner and attempting to bait Mr. Rolph into a confrontation. Mr. Rolph also thought he was being detained illegally and began to fear for his safety. Police Chief Lopez forced Mr. Rolph to start moving items out of his classroom. When Mr. Rolph did not move fast

enough Police Chief Trinidad Lopez and Vice Principal Mark Olivarez took upon themselves to move Mr. Rolph's belongings into the school hallway which led to the destruction of many of Mr. Rolph's personal belongings Mr. Rolph become upset because in Mr. Rolph constitutional mindset he did believe the police officers and administrators and since Rio Grande City CISD had given no money to buy school supplies Mr. Rolph had spent money out of his pocket to buy educational resources, plus Mr. Rolph has a traumatic brain injury part of the effects of the traumatic brain injury is Mr. Rolph must keep things in a set order or Mr. Rolph gets confused which is a handicap and disability the administration should have respected. When Mr. Rolph had filled his vehicle to capacity which Mr. Rolph a 100 hundred percent disabled veteran dragging items a football length distance from his second-floor classroom over a two-hour timespan without a break, without dinner, under a large amount of stress and under police escort and seeing Mr. Rolph academic treasured classroom torn apart in what at least what Mr. Rolph perceived to be an injustice. Police Chief Trinidad Lopez became visibly upset because he had dinner plans for 7:00 or 1900 and demanded Mr. Rolph take his belonging to the curb which Mr. Rolph refused on the grounds that they were still not following policy and procedure of Rio Grande City school board and stuff sitting on the curb would be non-secured. Police Chief Trinidad Lopez took upon himself to start moving Mr. Rolph's items himself without the consent of Mr. Rolph which again following the policy of Rio Grande City teacher's right to privacy police chief Trinidad Lopez had no legal right to do.. Rio Grande City CISD police chief Trinidad Lopez stopped acting like a peace officer and used his position and badge to instigate and perform a hate crime with the approval of Rio Grande City High School principal Ricardo Saenz and Superintendent Alfred Garcia. Without due process and without concern to the physical and mental health of Micah Rolph,  Police Chief Lopez started becoming combative, unprofessional and hostile and destroyed Mr. Rolph's assigned classroom to include theft of Mr. Rolph's personal items, destruction of personal items, removal of personal items and the whole time proclaiming even since no due process of termination or proper steps of suspension  of contract and employment had been instigated against Mr. Rolph his acts were justified because Mr. Rolph was trespassing in his own assigned classroom. Mr. Rolph's wife Adelina Rolph attempted to talk to Police Chief Trinidad Lopez and Vice Principal Mark Olivarez and say she was driving from McAllen and would be on campus no longer than 45 minutes but Police Chief Trinidad

Lopez still upset about his dinner refused to talk to Adelina Rolph and continued to destroy items in Mr. Rolph's assigned classroom. Adelina Rolph attempted to talk to Police Chief Trinidad Lopez and Vice Principal Mark Olivarez in her capacity as a Master's Level Social Worker (MSW) to warn them that Mr. Rolph had a history of Post-Traumatic Stress and Traumatic Brain Injury and part of his treatment plan and safety plan to keep Mr. Rolph calm was to get Mr. Rolph to walk around unassisted and to not become argumentative with Mr. Rolph, that Mr. Rolph might regress into a military mind set of verbally hostility sudden actions and that Mr. Rolph had a depressive disorder when provoked could be episode of flash anger and if backed into a corner could become volatile. Adelina Rolph in her capacity as a Social Worker wanted to ensure that school staff were aware that Mr. Rolph had a combat related heart condition as well as the traumatic brain injury that sometimes-confused Mr. Rolph's thought process and could make Mr. Rolph more irritable. Police chief Trinidad Lopez refused to talk to Mrs. Rolph and said due to his dinner obligation he was unable to wait 45 minutes to let Mrs. Rolph arrive on campus. Rio Grande City CISD police and administrators refused to speak to Mrs. Rolph who called to Mr. Rolph's cell phone.

- At this time Mr. Rolph made a poor choice or error the school staff demanded or wanted his computer. Mr. Rolph had read upon hire and recently upon the start of Principle Saenz harassment  what a teacher in Rio Grande City CISD where to interlingual property rights were in concern to school computers and due to Mr. Rolph concerns about 3 things 1st – Therapeutically Mr. Rolph often wrote, some published stories and humor about his military experience. Mr. Rolph Veteran Administration Counselor told Mr. Rolph this would help Mr. Rolph process his feelings, emotions and guilt it was on his work computer because Mr. Rolph would often write at work because he often spent days at work from 7:30 to 16:30, these thoughts where Mr. Rolph private thoughts and since Mr. Rolph had a depressive disorder you can imagine they might not be the most pleasant thoughts and theories and where often reflective on Mr. Rolph guilt and battlefield death. 2nd – Mr. Rolph had worked very hard at Rio Grande City high school and was behind on his grading even if suspended he wanted to input his last grades where inputted and was unable from his home computer which he had told the school administrators. 3rd – Mr. Rolph part working toward his masters and part toward personal writing was working on two research projects 1st – Students from Mexico seemed to have better

map skills then students from Starr county schools and 2nd Proper TEK based guidelines and objections for teaching Geography in High School. After Mr. Rolph requested to get his personal intellectual property off his assigned work computer following the guidelines of Rio Grande City CISD school board policy and procedure in regards to intellectual property and they refused he put his work computer in his car because Mr. Rolph knew that Rio Grande City administration was not following proper policy and procedure and Mr. Rolph would let human resources straighten it out. Up to the time of this hate crime and battery, Mr. Rolph had never been formally suspended, terminated or put on administrative leave.  Police Chief Trinidad Lopez and Vice Principal Mark Olivarez after consulting with Principal Riccardo Saenz once again said that the policy and procedure of Rio Grande CISD school board did not apply to Mr. Rolph. Mr. Rolph completed the loading of his vehicle to capacity and last item he put in was his work computer and asked Police Chief Trinidad Lopez and Vice Principal Mark Olivarez who again consulted with Principal Riccardo Saenz if the United States Constitution's right to privacy of a person's vehicle without proper warrant was practiced by Rio Grande City CISD police. Vice Principal Mark Olivarez stated that neither the United Constitution or Rio Grande City school board policy and procedure applied to Mr. Rolph while he was in Rio Grande City.  Mr. Rolph was a world history teacher and geography teacher. He had in his Power Points, creative stories self-written by Mr. Rolph, lesson plans, historical research, historical data, maps plus the passwords to certain education and banking websites and Police Chief Trinidad Lopez responded that Mr. Rolph had no right to his personal intellectual property and since he was asking he was guilty of theft of a school computer even though it was assigned to Mr. Rolph and Mr. Rolph was still a contracted employee.

- Upon returning to Mr. Rolph assigned classroom Mr. Rolph took a seat at his desk. Rio Grande City Police went back to the illegal handling and moving of Mr. Rolph classroom to include tearing things from the wall, tearing down curtains, breaking coffee mugs and causing assorted turmoil. Police Chief Trinidad Lopez went into Mr. Rolph's teachers closet and threatened once more to Mr. Rolph to begin under escort to remove items to the curb which Mr. Rolph declined. Police Chief Trinidad Lopez then declared that everything in the closet was now donated to the school since Mr. Rolph had declined to move it the curb. When Mr. Rolph protested the destruction of his classroom, proclaimed he was not donating anything and argued his forced

physical removal from campus which was against the Rio Grande City school
board policy and procedure and educational law in the state of Texas and
Mr. Rolph verbally expressed his viewpoint of lack of professional conduct by
Police Chief Trinidad Lopez. The police chief responded by handcuffing Mr.
Rolph and said he was breaking the process of law and resisting the
trespassing in his own classroom charge. Assistant Principal Mark Olivarez
represented the School district during Police Chief Trinidad Lopez
performance and escalation of events into a hate crime, police brutality and
violation of Mr. Rolph's civil rights. Mr. Olivarez who is not a licensed peace
officer and is Mr. Rolph's immediate supervisor and who was also aware of
Mr. Rolph's mental and physical disability because Mr. Olivarez is himself a
combat Veteran and president of the local VFW post Mr. Olivarez was the
first to physically assault Mr. Rolph kicking Mr. Rolph while Mr. Rolph was
handcuffed, kicking Mr. Rolph from behind in the right surgically repaired
knee which led to tearing of menaces in right knee  At that time Police
Trinidad Lopez began the physical assault of a still handcuffed Mr. Rolph to
include Trinidad Lopez and his officers punching Mr. Rolph in the face,
kicking Mr. Rolph in the Scrotum, bouncing Mr. Rolph face off his desk which
entailed the damage to Mr. Rolph's teeth. Then police chief Trinidad Lopez
dragged Mr. Rolph still handcuffed into the hall and when Mr. Rolph
struggled to not get taken out of the academic building because Mr. Rolph
was unsure of the outside cameras location and was sure due to the
unprofessional and unethical action of Rio Grande City CISD police and
administrators was sure that they would find a place outside the building to
continue the beating. Then police chief Trinidad Lopez tried to get Mr. Rolph
in the elevator because Mr. Lopez and Vice Principal Mark Olivarez knew
there was no camera in the elevator and so they could continue to beat Mr.
Rolph without video surveillance which Mr. Rolph not wanting to get beaten
in the elevator resisted. When Mr. Rolph resisted and due partly to the fact
of the obesity of Police Chief Trinidad Lopez and Police Chief Trinidad Lopez
due to obesity cardiovascular concerns slammed Mr. Rolph to the ground
which fractured Mr. Rolph's back and led to cartilage tear in Mr. Rolph chest
area.

- Vice Principal Mark Olivarez showed no concern or compassion for a fellow
Veteran who lay on the ground with a broken back instead ensured that one
police officer ransacked Mr. Rolph's pockets, so he could get Mr. Rolph car
keys, stole Mr. Rolph's pocket knife, took possession of Mr. Rolph's phone,

One Police Officer took Mr. Rolph's shoes. Mr. Olivarez showed no compassion toward Mr. Rolph getting proper medical care. He made no attempt to contact the Veteran's Administration to request a welfare check on Mr. Rolph after release from jail. Inside Mr. Olivarez proceeded to organize the impounding of Mr. Rolph's vehicle in which he performed a conflict of interest by calling his biological related towing company Olivarez Towing who not only impounded Mr. Rolph car but stripped Mr. Rolph car of tires and parts, destroyed the windshield, stole items and damaged the paint unless Rio Grande City CISD police did the above-mentioned acts as part of their organized hate crime. Mr. Olivarez who violated Mr. Rolph's civil rights by going through the interior of the vehicle, stealing items. During the impounding of the vehicle nearly five thousand dollars was caused in damage to the vehicle reinforced by parking lot photography, Firestone and Bert Ogdon Autobody. Even though in Police Custody limited or insufficient medical or mental health treatment was provided before Mr. Rolph was thrown into Starr County Jail under the illegal charge of trespassing in his classroom, resisting arrest and theft of the School computer. Mr. Rolph was falsely imprisoned without medication, with a broken back and clearly in full cycle of Post-Traumatic Stress. Nobody at Rio Grande City CISD gave any concern to Mr. Rolph or his family.

- After the battery on April 2017, Lawyer Daniel J Garcia (Rio Grande City School Board President), Lawyer Eduardo Ramirez ( School Board Vice President, Lawyer Judy Solis (Rio Grande City Board Secretory) Defense Lawyer Sergio Sanchez, Starr County Judge Ramiro Molina, Starr County Attorney Victor Canalas, Starr County District Attorney Omar Escobar Jr, Starr County District Clerk Eloy Garcia, Texas Rio Grande Legal Aid Deputy Director Herbito Silva and Texas Rio Grande Legal Aid lawyer Gema Lopez and Jessica Anderson colluded to deny Mr. Rolph his constitutional protected rights. The above-mentioned people collaborated to knowingly violate Mr. Rolph basic civil rights, to cover up Rio Grande City CISD police inspired hate crime, to justify police and legal practice that were unethical and criminal, to tamper and destroy case evidence, to justify that Rio Grande City CISD, Rio Grande City Legal community and Rio Grande City being a place where there is a culture of racism, discrimination and ethical misconduct to anyone not related or from the Rio Grande City community.

    o  This include the following

- A – Rio Grande City CISD police department, Rio Grande City County Attorney Courtroom Judge, Texas Legal Aid and Rio Grande City Defense Attorney has for over one year coordinated and colluded to not provide Mr. Rolph his legal right of information through the discovery process. Information has not been provided, including Grande City High School Building E hallway video, Rio Grande City High School parking lot video, Rio Grande City Hospital Video and Rio Grande City parking lot photography. Mr. Rolph has repeatedly requested the right to view all discovery materials in Mr. Rolph's criminal case, including police reports, 911 calls, video recordings, parking lot photography, hospital video recording, employment file and jail video recording. Police Chief Trinidad Lopez claimed Mr. Rolph had a hammer in his closet but no hammer has been produced, items taken from Mr. Rolph have never been returned or put into evidence, impounded vehicle inventory list has never been produced, Mr. Rolph employment file has never been turned over to Mr. Rolph legal defense team, no prove that the Rio Grande City CISD school board suspended Mr. Rolph following guidelines found in Rio Grande board policy thus making April 13th 2017 action unconstitutional and illegal = has never been produced by Rio Grande City CISD.  Mr. Rolph's assigned lawyer if competent and diligent should review all discovery materials before asking Mr. Rolph to plead guilty.

- Video would help build Mr. Rolph's case for the following reason.

- 1st – Rio Grande City Building E Hallway video would prove that police chief Trinidad Lopez did not as stated in the police report "gently put Mr. Rolph on the ground" but instead put Mr. Rolph on the ground with enough force to break Mr. Rolph's back and tear cartilage in Mr. Rolph's chest. Plus, due to Police Chief Trinidad Lopez obesity and lack of cardiovascular restrictions due to obesity and needing to catch his breath laid on top of Mr. Rolph for about one to two minutes restricting Mr. Rolph's ability to breath which put a still handcuffed Mr. Rolph at grave risk of serious health risk.

- 2nd – Hallway video might show the fact that Mr. Rolph showed the effects of having his face bounced off his desk (teeth damaged), after effects of the repeated punches to the face, the events or the after effects of Mr. Rolph

getting kicked in the groin, the repeated attempts of Rio Grande City CISD to twist and kick Mr. Rolph surgically repaired right knee and reinforce the fact that Mr. Rolph was handcuffed during the beating.

- 3rd – Hallway videos would show that one Rio Grande City CISD employee Vice Principal Mark Olivarez joined in the beating even though he is not a licensed peace officer, Mr. Rolph was handcuffed, there were three officers beating Mr. Rolph who did not need assistance and 2 of the police officers were half of Mr. Rolph's age.

- 4th – Parking lot video would show that Mr. Rolph drove into the parking lot on the morning of the April 13th 2017 in a 2011 Nissan Moreno with a non-fractured windshield, a rear windshield wiper and four slightly used tires and after Rio Grande City CISD returned the impounded vehicle to Mr. Rolph's wife Adelina Rolph the windshield was damaged, Slightly used tires were replaced with non-road worthy tires, rear windshield wipers and rear windshield mount were missing as well as over 5000 dollars of other damage to his vehicle as certified by Bert Ogden Autobody in Mission and Firestone Tires in McAllen.

- 5th – Parking lot video might show what happened to over 2000 dollars' worth of school supplies that disappeared out of Mr. Rolph's car during impoundment to include 6 world globes, two world maps, assorted books, 5 chess sets, a Texas Flag all refreshments out of the Mr. Rolph mini fridge and Mr. Rolph's oversized American Flag. As of date of filing Rio Grande City CISD has yet to hand over the inventory list from the impounded vehicle let alone find legal justification for the impounding

- 6th – Parking lot video would confirm that Mr. Rolph vehicle was impounded by a towing company owned and operated by a suspected biological relation to Vice Principal Mark Olivarez, known by the name of Olivarez towing which Mr. Rolph has asked for clarification from Rio Grande City CISD if impounded cars could have parts stripped off, be damaged and be ransacked by relatives of employees if that does not create a conflict of interest.

- 7th – Parking lot would disprove the claim from the Rio Grande City CISD that they were unaware of Mr. Rolph's disabled American Veteran status due to

the fact Mr. Rolph has disabled American Veteran plates on his vehicle. Which is also clearly stated in the police reports documenting Mr. Rolph license plate number.

- 8th – The Hallway video would also reinforce the fact that Rio Grande City CISD as expressed in their police report stole everything that fell out of Mr. Rolph's pocket or fell off his body to include Mr. Rolph's swiss army knife, Mr. Rolph's cell phone, Mr. Rolph's shoes, and Mr. Rolph's car keys. One police officer after going through Mr. Rolph's phone to destroy evidence on the phone gave the phone back only after being confronted and requested four times by Mr. Rolph's wife Adelina Rolph at the Rio Grande Regional hospital. To this date the shoes and swiss Army knife are missing.

- 9th – The parking lot video might reinforce that even though Mr. Rolph is a one hundred percent disabled Veteran with a documented heart condition the Rio Grande City CISD instructed medical ambulatory personal to give him no medical aid instead Rio Grande City CISD tightened Mr. Rolph's handcuffs so when Mr. Rolph reached the Rio Grande City hospital he had lost feeling in his right thumb, the right thumb has changed color and there was irreversible nerve damage to Mr. Rolph's right wrist, hand and thumb. Injury reinforced by medical hand specialist in McAllen Texas. This can also be reinforced by the police report.

- 10th – The hallway video would reinforce that there were still items in Mr. Rolph's classroom as of this date and time are still missing to include binders, maps, extension cord and other educational items. Police Chief Trinidad Lopez stated to Mr. Rolph that since Mr. Rolph had not taken the opportunity to remove his property from campus due to Mr. Rolph getting beaten, hospitalized and jailed that all of Mr. Rolph's property were considered donations to the school. Mr. Rolph never consented to the donation of his property to the school.

- 11th – Parking lot video would confirm that Mrs. Adelina Rolph, Mr. Rolph's wife arrived within the stated timeframe. Would show Principal Riccardo Saenz dismissed her concerns when Mrs. Rolph questioned the legal justification for the manhandling and arrest of Mr. Rolph

- 12th – Rio Grande City Hospital video would confirm that Mrs. Rolph after three times confronting Rio Grande City CISD police officer finally got Mr. Rolph's phone back which had been tampered with, evidence erased.

- 13th – Hospital hallway video would reinforce the fact that Mr. Rolph was confined at the hospital in an unprofessional manner more like a display after a hunting trip then an arrested person. That police officers refused Mr. Rolph water and publicly humiliated Mr. Rolph by making him sit in front of the hospital so any parents, employees and students of Rio Grande City CISD visiting the hospital could take pictures of the great white catch. Mr. Rolph thought this behavior by Rio Grande City CISD was reflective of the lack of ethics demonstrated throughout the arrest process and attempted to bring mental stress, shame and humiliation to Mr. Rolph.

- 14th – Rio Grande City Hospital Hallway camera would reinforce that Mr. Rolph was shoeless and might be helpful in determining which police officer stole the shoes.

- 15th -- Rio Grande City Hospital video would reinforce that Mr. Rolph got no mental health treatment, even though Mr. Rolph requested and was denied mental health treatment by Hospital staff and Rio Grande City CISD because in the opinion of the arresting officers Mr. Rolph mental health couldn't get worse in county jail. As well as police chief Trinidad Lopez stated he didn't understand or comprehend military disability rating, depressive disorder and Post Traumatic Stress and his visual assessment of Mr. Rolph that Mr. Rolph was just fine.

- 16th – Rio Grande City hospital video would show that Mr. Rolph spent considerable time unsupervised while Rio Grande City CISD arresting officers spent time on their cell phone. Combined with the fact that after release from the hospital around two in the morning police officers as reinforced by police reports decided to go for a drive around Rio Grande City and not make a direct trip to the Starr County Jail which could reinforce the theory that there was a premediated and potential of a planned second police brutality beating during the jail transport.

- 17th – Rio Grande City Hospital Hallway video would reinforce that even though Mr. Rolph informed hospital staff he felt unsafe in the custody of arresting officers due to unprofessional conduct and lack of Rio Grande City CISD police to understand or comprehend basic Texas and Federal laws Mr. Rolph will still released to Rio Grande City CISD police.

- 18th – Starr County Jail video would reinforce the discrimination, racism and lack of a logical creation of a treatment release plan from jail custody. Mrs. Rolph was not contacted about Mr. Rolph's release, Mr. Rolph was released shoeless, Mr. Rolph was released clearly in full Post Traumatic Stress mental health cycle, Mr. Rolph had torn and blood covered clothing, Mr. Rolph was off mental health medication, Mr. Rolph had broken bones and let the record be noted that not one person from the Rio Grande City CISD offered Mr. Rolph any assistance or any compassion. Mr. Rolph instead walked back to McAllen shoeless.

- 19th – Rio Grande City Hallway video would conform Rio Grande City police CISD police handling Mr. Rolph's belonging which is against Mr. Rolph basic right to privacy and against the constitutional right to search and seizure.

The Rio Grande City CISD, The Rio Grande City CISD police department The Rio Grande City School Board to include licensed lawyer on the board, Starr county Judges, Starr County District Attorney and Rio Grande City Texas Legal Aid have collaborated to not only violate Mr. Rolph Civil Rights but to deny Mr. Rolph's Constitutional rights found under Constitutional law.

- 1st -- During the arrest Mr. Rolph's 5th amendment right where violated when the police officers as documented in police reports failed to read Mr. Rolph his Miranda Rights. According to defense lawyers at Texas Rio Grande Legal Aid Rio Grande City law enforcement do not regularly read Miranda rights and that is not part of the arrest process in Rio Grande City and not a right to those arrested in Rio Grande City.

- 2nd – If Mr. Rolph was not formally suspended or terminated and expected to bend teacher of record for his classes why did Mr. Rolph have to

surrender his work computer? How does a personally assigned work computer to a non-suspended teacher give Rio Grande City CISD authorization to go through Mr. Rolph's vehicle and not violate Mr. Rolph's constitutional right to privacy and unreasonable search,. clearly a violation of Mr. Rolph 4th amendment rights.

3rd – As expressed on April 13th Mr. Rolph would have gladly surrendered his computer if he were formally suspended and given the opportunity to remove his educational work files and insure that his computer has no automatic passwords on banking or email accounts clearly a violation of Mr. Rolph 4th amendment rights.

- 4th – On or before the date of April 13th 2017 Luis Garza a constable in Palmview Texas Hildago County decided which is against Texas legal law to republish Mr. Rolph expunged criminal court case CR—D15548 2003 expunged by Hildago County 1-18-2008 file since been destroyed. Mr. Rolph has passed multiple backchecks to include Social Worker, Military and Educational. The expunged record does not show up on Mr. Rolph's criminal record until shortly before April 13th. Mr. Rolph does not live, own property or ever been arrested in Palmview Texas which is the area of operation for Constable Luis Garza. Mr. Rolph does not know Constable Luis Garza. Constable Luis Garza has connections to Rio Grande City, Starr County and many above mentioned legal personal. Constable Luis Garza has stated there must have been a "computer glitch" in his office which resulted in the republishing. Since Mr. Rolph believe this information was used by Superintendent Alfredo Garcia to justify the hate crime thus proven by correspondence dated April 13th and signed by Alfredo Garcia. If Rio Grande City CISD personally had any role in the republishing, resurfacing, reusing or repurposing of a legally expunged record then Rio Grande City CISD violated Mr. Rolph 5th amendment rights.

- Shortly after release from Starr county jail Mr. Rolph received a letter from Rio Grande City CISD dated April 13th 2017 signed by Superintendent Alfredo Garcia which states Mr. Rolph was on Administration Leave for "reported criminal History" which can logically only mean three things.

- 1st – Alfredo Garcia went into his office or worked from home sometime between 10:00 o'clock at night and midnight and composed the letter in reference upon the events that took place on the evening of April 13, 2017. During that time Mr. Rolph was not formally charged and still at the hospital.

   or

- 2nd – The letter was written earlier on April 13th and the Rio Grande City CISD came to Mr. Rolph classroom with the goal of arresting or baiting Mr. Rolph into a arrest because they were sure that Mr. Rolph was going to commit a crime which Mr. Rolph was thus arrested for trespassing in his own assigned classroom.

   or

- 3rd – Superintendent Alfredo Garcia wrote and signed the letter in reference to the republished and expunged record which had resurfaced by someone who had known ties to Rio Grande City. Basing his letter on a number from an expunged and destroyed file which again is against Texas Legal Law.

   Regardless the Superintendent Alfredo Garcia letter states administration leave for past criminal history which brings to question why Mr. Rolph was forced under guard to remove all items from his classroom and why the Mr. Rolph's work computer was deemed to be contraband. Mr. Rolph last employment date was August 31st 2017. Following guidelines of Rio Grande City CISD a teacher on administrative leave do they have to remove all items? Since it was a beginning of a four day weekend could Mr. Rolph have come back to remove items before start of school? Could Mr. Rolph have been given a logical timeframe to remove items off work computer? Could Mrs. Rolph had been able to move Mr. Rolph vehicle off campus to avoid the impounding?

   - Legal Ethical Violations

- It will be noted that after the events of April 13th 2017 there has been a coordinated effort of suspected collusion or collaboration by Starr County legal community to deny Mr. Rolph his constitutional rights, civil rights and

criminal trial rights. Those involved include Defense Lawyer Daniel J Garcia Rio Grande City School Board President, Lawyer Eduardo Ramirez School Rio Grande City School Board Vice President, Lawyer Judy Solis Rio Grande City Board Secretory, Defense Lawyer Sergio Sanchez, Starr County Judge Ramiro Molina, Starr County Attorney Victor Canalas, Starr County District Attorney Omar Escobar Jr, Starr County District Clerk Eloy Garcia, Texas Rio Grande Legal Aid Deputy Director Herbito Silva and Texas Rio Grande Legal Aid lawyer Gema Lopez and Jessica Anderson. The above-mentioned people have coordinated together to violate Mr. Rolph's basic civil rights, to cover up Rio Grande City CISD police inspired hate crime, to justify police and legal practice that were unethical if not criminal, to tamper and destroy case evidence and Rio Grande City being a place where there is a culture of racism, discrimination and ethical misconduct to anyone not related or from the Rio Grande City community.

- Starr County Judge Ramiro Molina has violated Mr. Rolph rights by knowingly allowing a case to move slowly forward that has no basis of Texas or Federal criminal law. Starr County Judge Ramiro Molina has allowed the prosecution to destroy or not provide constitutionally protected discovery information to benefit Mr. Rolph's case. Starr County Judge Ramiro Molina has given his blessing to a hate crime that was a violation of Mr. Rolph civil and constitutional rights.


- Starr County Attorney Victor Canalas, Starr County District Attorney Omar Escobar Jr took over a year to surrender discovery documentation police reports but of this date and time refuse to hand over any other discovery information. Starr County Attorney Victor Canalas, Starr County District Attorney Omar Escobar Jr have been withholding discovery evidence and information such a car inventory list, Photography, videos, employment files etc. Mr. Canalas and Mr. Escobar lack of legal ethic and integrity show he is clear violation of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest.

- Starr County Attorney Victor Canalas, Starr County District Attorney Omar Escobar Jr have refused to clarified that charges against Mr. Rolph are ethical and follow the guidelines of Texas and Federal criminal law, educational,

employment law and constitutional law. They have not only justified a community hate crime but they have kept a highly decorated disabled Veteran from gaining employment in his certified field of study and justified the misconduct of a police department. Mr. Canalas and Mr. Escobar lack of legal ethic and integrity show he is clear violation of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest.

- Starr County Attorney Victor Canalas, Starr County District Attorney Omar Escobar Jr have demonstrated Military Racism by publicly proclaiming because Mr. Rolph is a Veteran he Justifies having a restraining order.

- Lawyer Daniel J Garcia Rio Grande City School Board President, Lawyer Eduardo Ramirez School Rio Grande City School Board Vice President, Lawyer Judy Solis Rio Grande City Board Secretory violated Mr. Rolph civil rights by not following the due process of educational law or school board policy. Not giving Mr. Rolph a voice in the process and knowingly violated Mr. Rolph constitutional rights.

- Lawyer Daniel J Garcia Rio Grande City School Board President, Lawyer Eduardo Ramirez School Rio Grande City School Board Vice President, Lawyer Judy Solis Rio Grande City Board Secretory did not investigate or consider the hate crime was organized due to the fact that Mr. Rolph had spoken out about the professionalism, discrimination and culture of Rio Grande City High School.

- Texas Rio Grande Legal Aid Deputy Director Herbito Silva knowingly broke Mr. Rolph's Civil rights because of a conflict of interest in the case. Texas Rio Grande Legal Aid Deputy Director Herbito Silva openly told Mr. Rolph that he had a personal and professional relationship with every one of the above mentioned legal personal and their families. Rio Grande City CISD Police chief Trinidad Lopez used to work in the same office when Mr. Silva was Starr county District Attorney and he had worked on cases with Mr. Silva prior to Mr. Rolph's case which is a clear conflict of interest.  Mr. Silva continued to pressure Mr. Rolph to plead guilty and was sure this case did not involve discrimination. Mr. Silva lack of legal ethic and integrity show he is clear violation of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Mr. Silva has been reported to Texas legal aid and State Bar.

-

- Texas Rio Grande Legal Aid Deputy Director Herbito Silva knowingly broke Mr. Rolph Civil rights when he pressured Mr. Rolph to plead guilty without looking at the facts of the case using the justification that in Rio Grande City it was cultural for teachers to get beat up in classroom by Rio Grande City law enforcement. Mr. Silva tried to convince Mr. Rolph that Rio Grande City CISD did not have a legal responsibility to produce Video evidence and even tried to convince Mr. Rolph that Rio Grande City CISD had no videos even though he couldn't ethically tell Mr. Rolph how he came by that information and Mr. Rolph as a teacher at Rio Grande City High School was well aware that the newly built Rio Grande City high school had an elaborate Video recording system. Mr. Silva despite forty years of legal experience tried to convince Mr. Rolph that items clearly stated in the police report as falling out of Mr. Rolph pocket or body during the arrest did not have to be returned or produced by arresting agency. Mr. Silva despite lengthy legal experience made no effort to build a legal strategy other than verbally demand Mr. Rolph plead guilty and flatly refused to gather any discovery information. Mr. Silva when confronted with bold lies in the police report such as Trinidad Lopez saying Mr. Rolph had a hammer "where has the hammer gone" or another officer wrote Mr. Rolph was a suspended teacher (which Mr. Rolph still awaits paperwork) Mr. Silva attempted to pressure Mr. Rolph to plead guilty by saying if he was still the Starr County District Attorney he would have charged Mr. Rolph with five felonies he was not sure what five felonies but it would five felonies Mr. Silva lack of legal ethic and integrity show he is clear violation of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Mr. Silva has been reported to Texas legal aid and State Bar.

- Texas Rio Grande Legal Aid Deputy Director Herbito Silva knowingly broke Mr. Rolph's Civil rights when he pressured Mr. Rolph to represent himself because his office had no desire to formulate a legal strategy, research law other than criminal law or prepare a legal defense case. Mr. Rolph got the impression since he was not in Mr. Silva social circle or member of community he would receive no legal aid unless he agreed to plead guilty. Mr. Silva showed through his behavior and actions he is a raciest who

supports and is willing to risk is legal law license in the cover up of a hate crime. **Mr. Silva lack of legal ethic and integrity show he is clear violation of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Mr. Silva has been reported to Texas legal aid and State Bar.**

- Texas Rio Grande Legal Aid Deputy Director Herbito Silva knowingly broke Mr. Rolph's Civil rights by knowing accepting that a hate crime had been committed and constitutional rights had been violated but proclaiming his office only did criminal law so if crime was committed because of discrimination it wasn't his concern. If educational law was discovered to be broken in investigation of a criminal case it was not be his concern. Mr. Silva lack of legal ethic and integrity show he is clear violation of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Mr. Silva has been reported to Texas legal aid and State Bar.

- Texas Rio Grande Legal Aid Deputy Director Herbito Silva knowingly broke Mr. Rolph Civil rights when he ridiculed Mr. Rolph 100 percent Veteran Administration status to include Mr. Rolph Post Traumatic Stress Disorder and Traumatic Brain Injury by proclaiming "if you can teach school you can be assaulted by police officers without using any consideration for mental health or medical condition of a person". Mr. Silva unethically refused to research proper police procedure, proper police arrest laws, request Mr. Rolph discovery information, research educational law, he openly and proudly told Mr. Rolph of his conflict of interest, refused to research constitutional law, refused to research mental health law or educational law. Proclaiming he does only criminal law and putting pressure on Mr. Rolph to plead guilty..**Mr. Silva lack of legal ethic and integrity show he is clear violation of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Mr. Silva has been reported to Texas legal aid and State Bar.**

- Texas Rio Grande Legal Aid Deputy Director Herbito Silva knowingly broke Mr. Rolph's Civil rights for Mr. Rolph said he should request Mr. Rolph's employee file to demonstrate Mr. Rolph had no write up prior to April 13th 2017. Mr. Silva proclaimed he would not request file because he found it hard to believe Mr. Rolph had no write up because Mr. Rolph was acting in a hostile manner expecting his office to work. Mr. Silva lack of legal ethic and integrity **show he is** clear violation **of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Mr. Silva has been reported to Texas legal aid and State Bar**

- Texas Rio Grande Legal Aid Lawyer Gema Lopez violated Mr. Rolph civil rights for when she was assigned Mr. Rolph case she didn't bother to pick up police reports before next court hearing and showed up to court ill prepared for Mr Rolph's case. When Mr. Rolph finally convinced her to pick up Police reports she proclaimed she wouldn't read them and it was better to plead guilty. Gema Lopez lack of legal ethic and integrity **show her is** clear violation **of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence and due to the fact Gema Lopez has been reported to Texas legal aid and State Bar**

- Texas Rio Grande Legal Aid Lawyer Gema Lopez showed no legal ethic by telling Mr. Rolph his case was no importance to her, showing a high degree of racism and bias toward Mr. Rolph, not returning Mr. Rolph phone calls or attempting any level of communication. Gemi Lopez showed unprofessional behavior when Mr. Rolph called to discuss the police reports by proclaiming she didn't want to talk to Mr. Rolph and hanging up when Mr. Rolph was questioning her about discrepancy on police reports that she repeatedly express no desire to read. Ms. Lopez repeatedly expressed other cases presumably Hispanic Rio Grande City resident cases where her priority and Assistant Principal Mark Olivarez who was the person with no peace officer license who beat up Mr. Rolph was a personal acquaintance. Gemi Lopez lack of legal ethic and integrity **show her is** clear violation **of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Gemi Lopez has been reported to Texas legal aid and State Bar**

- Texas Rio Grande Legal Aid Lawyer Gema Lopez violated Mr. Rolph civil rights when she laughed at Mr. Rolph when he suggested due to inconsistency in

Mr. Rolph case police reports it might be good to go through other Rio Grande City CISD past police reports using the freedom of information act to see if Mr. Rolph legal defense team could develop a pattern of excessive force or abuse or if Mr. Rolph case of excessive force was unique which could imply possible structural racism. Ms. Lopez told Mr. Rolph to plead guilty, reminded him she doesn't work weekends and once again she doesn't like to read police reports. Gemi Lopez lack of legal ethic and integrity **show her is** clear violation **of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Gemi Lopez has been reported to Texas legal aid and State Bar**

- Texas Rio Grande Legal Aid Lawyer Gema Lopez violated Mr. Rolph civil rights when Mr. Rolph suggested to her his police beating could be that Mr. Rolph had approached Principal Riccardo Saenz about a ghost teacher (teacher hired and not expected to show up work regularly, students expected to sit in classroom play Uno or Dice). Since the ghost teacher taught same subject matter as Mr. Rolph and had once got verbally confrontationally with Mr. Rolph when Mr. Rolph suggested he might want to come teach his students every now and then) since Ghost teacher was a personal friend of the Principal and hired with the express understanding between him and Principal that he didn't have to come to work. Mr. Rolph's legal team using the Freedom of Information Act should request other teacher's employment file to see if it contained the 100 academic missed days, as well the ghost teacher would clearly show the difference in work rules for those from the community and those not from the community Ms. Lopez says her office does not research motive or cause of criminal matter only criminal matter. If police arrest was not legally following guidelines of the United States Constitution and Texas State laws Gemi Lopez was sure it must be person arrested fault and not the police officer or agency. She then recommended Mr. Rolph plead guilty. Gemi Lopez lack of legal ethic and integrity **show her is** clear violation **of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Gemi Lopez has been reported to Texas legal aid and State Bar**

- Texas Rio Grande Legal Aid Lawyer Jessica Anderson violated legal ethics when Mr. Rolph said that while employed at Rio Grande City High School he

had received death threats from students and staff. Plus, theft of items from Mr. Rolph such as Mr. Rolph car keys and other teachers had quit because of theft. Ms. Anderson proclaimed that past events of racism at the school had no connection to modern events of racism, her office does not investigate racism only criminal charges, even though she was unwillingly to formulate a legal strategy in Mr. Rolph case, she didn't think discovery information was worth requesting and she was unwilling to read or analyze police reports. In Mrs. Anderson opinion, the defense attorney had a strong case and put pressure on Mr. Rolph to plead guilty. Jessica Anderson lack of legal ethic and integrity **show her is** clear violation **of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Jessica Anderson has been reported to Texas legal aid and State Bar**

- Texas Rio Grande Legal Aid Lawyer Jessica Anderson violated ethics of the law profession by refusing to request Mr. Rolph's academic file and refusing to do any research in the fact that in 2016-2017 Rio Grande City CISD school year Mr. Rolph was the only teacher to be handcuffed and beaten by Rio Grande City CISD. Mr. Rolph suggested that perhaps Mr. Rolph legal team should build up some statistics-based research like Mr. Rolph is a Canadian, he is only Canadian teaching at Rio Grande City High School, 97 percent of teachers teaching at Rio Grande City High School are Hispanic and born and raised in the community, why was Mr. Rolph beaten his Civil Rights violated. Ms. Anderson proclaimed she does nothing with discrimination law, there is no motive of racism in Mr. Rolph case and she refused to research any statistic-based information. Ms. Anderson did encourage Mr. Rolph to plead guilty and she could get Mr. Rolph a pro Veteran probationary officer. Jessica Anderson lack of legal ethic and integrity **show her is** clear violation **of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest and due to the fact Jessica Anderson has been reported to Texas legal aid and State Bar**

Defense Lawyer Sergio Sanchez violated Mr. Rolph civil rights and the ethics of legal law by informing Mr. Rolph only 5 minutes before the start of court that Mr. Rolph had to be court. Mr. Rolph suspected Mr. Sanchez colluded with Starr County DA in a barely shaded attempt to have Mr. Rolph miss court so Mr. Rolph could be charged with missing court dates and have his bail revoked. Mr. Sanchez after the fact even though he had been Mr. Rolph assigned lawyer for seven months, paid by Mr. Rolph, demonstrated to Mr. Rolph he had done no preparation for the trial, done no research for the trial, gathered no evidence, had worked on no legal theory. Mr. Rolph was informed if he paid Mr. Sanchez more money Mr. Sanchez might make time to work on case and encouraged Mr. Rolph to plead guilty. Mr. Sanchez and his team lack of legal ethic and integrity show he is clear violation of ABA Rule 1.1 Competence ABA Rule 1.3 Diligence ABA Rule 1:7 Conflict of Interest.

Respectfully

Micah Rolph

- 

- Are you represented by an attorney in this matter -- No
- If yes, please provide your attorney's name, address and phone number:
- N/A

- Have you filed a lawsuit concerning this matter?        Yes
- If yes, please provide the case name and number, court the case was filed in,

  and the current status of the case: -- United States District Court for the

  Southern District of McAllen -- ~~M-78-579~~ M 6 R

  7:18 - mc - 00579

- Have you filed a complaint concerning this matter with any other federal,
  state, or government agency?  Yes   No
- If yes, please list the agency, complaint number, name of contact person,

  phone number, and status of complaint: -- Yes

- _____
  _____

- Equal Opportunity Complaint – Letter to Sue issued on
  3/01/2018_____
  _____

- What office or agency, if any, referred you to our office?  None

- PLEASE UNDERSTAND THAT SUBMITTING THIS COMPLAINT FORM HAS NO
  EFFECT ON ANY STATUTE OF LIMITATIONS OR OTHER FILING REQUIREMENTS
  THAT MIGHT APPLY TO ANY PERSONAL CLAIM YOU MAY HAVE.

- FURTHER, BY SUBMITTING THIS CLAIM YOU HAVE NOT COMMENCED A
  LAWSUIT OR OTHER LEGAL PROCEEDING, AND THIS OFFICE HAS NOT
  INITIATED A SUIT OR PROCEEDING ON YOUR BEHALF.

- IF YOU BELIEVE YOUR CIVIL RIGHTS HAVE BEEN VIOLATED, AND INTEND TO
  BRING A LAWSUIT, YOU SHOULD ALSO CONTACT A PRIVATE  ATTORNEY.

- _____

- Signature: _____          Date: 7/09/2018

- Please save this form and e-mail it to:

- USATXS.CivilRights@usdoj.gov

- 
- You can also Fax or mail the completed complaint form and any supporting documentation to the following address:
- 

- Civil Rights Section - Civil Division
- United States Attorney's Office, Southern District of Texas
- 1000 Louisiana, Suite 2300
- Houston, Texas 77002
- Fax **713.718.3303**